**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30314 |
| Plaintiff - Appellee, | D.C. No. 4:07-cr-00114-SEH-1 |
| v. | |
| JOHN FITZGERALD BIG LEGGINS, Jr., | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted April 5, 2010[**]
Seattle, Washington

Before: GOODWIN, HAWKINS and N.R. SMITH, Circuit Judges.

John Big Leggins, Jr., appeals his 405-month sentence for aggravated sexual

abuse in violation of 18 U.S.C. §§ 1153(a) and 2241(a)(1). Big Leggins argues

that the district court erred, first, in refusing to seal a psychosexual report

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

submitted by the defense for consideration at sentencing, and, second, by imposing an unreasonable sentence. We review for abuse of discretion both the district court's decision whether to seal records, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 n.3 (9th Cir. 2006), and its sentencing decisions, *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We affirm.

The district court did not err in refusing to seal the report. "In this circuit, we start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to overcome that presumption "must 'articulate[] compelling reasons supported by specific factual findings' that outweigh the general history of access and the public policies favoring disclosure[.]" *Kamakana*, 447 F.3d at 1178-79 (quoting *Foltz*, 331 F.3d at 1135). Big Leggins requested that the psychosexual report be filed under seal because "[i]t contains confidential information concerning the defendant and the victim." The district court, noting the presumption in favor of access, responded that Big Leggins could either withdraw the report or resubmit it in redacted form with identifying information about the victim removed. Given that "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation

2

will not, without more, compel the court to seal its records," *Kamakana*, 447 F.3d at 1179, that decision was not an abuse of discretion.

Nor did the district court impose an unreasonable sentence. Big Leggins argues that the sentence was unreasonable because he was only 18 years old at the time of the assault and because most of his criminal history consists of juvenile tribal charges. The court, however, imposed a sentence at the high end of the applicable Guidelines range for several reasons: because Big Leggins picked up and moved the victim and physically restrained her; because Big Leggins had a history of violent criminal conduct and had been convicted of arson; because he had denied accountability for the assault; and because he had made efforts "to try to degrade further the victim" following the assault. Given the nature of the crime and the other factors that the court properly considered, we cannot say that the district court abused its discretion in imposing a within-Guidelines sentence. *See Carty*, 520 F.3d at 994 (noting that, although there is no presumption to that effect, a within-Guidelines sentence is usually reasonable).

AFFIRMED.